**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr273-MHT |
| | ) | |
| AUBREY GOODWIN | ) | |

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS**

COMES NOW Aubrey Goodwin, the Defendant herein, by and through his undersigned counsel, and respectfully requests that the following jury instructions be given to the jury in the above-listed case.

Defendant further reserves the right to amend this Requested Jury Charge to include charges relative to the law as it relates to the facts as presented during the course of the trial.

Respectfully submitted this 10th day of September, 2007.

                                              s/John M. Poti
                                              JOHN M. POTI (POT013)
                                              Attorney for Aubrey Goodwin
                                              696 N. Silver Hills Drive, Suite 102
                                              Prattville, Alabama 36066-6184
                                              TEL:  (334) 361-3535
                                              FAX: 866-780-9012
                                              E-mail: john@jmpoti.com

REQUESTED INSTRUCTION NO. 1

DUTY TO FOLLOW INSTRUCTIONS
PRESUMPTION OF INNOCENCE
(WHEN ANY DEFENDANT DOES NOT TESTIFY)

You must make your decision only on the basis of the testimony and other evidence presented here during the trial and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require the Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving that a Defendant is guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

PATTERN JURY INSTRUCTIONS, Basic Instruction 2.2

REQUESTED INSTRUCTION NO. 2

DEFINITION OF REASONABLE DOUBT

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proven guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

PATTERN JURY INSTRUCTIONS, Basic Instruction 3

REQUESTED INSTRUCTION NO. 3

CONSIDERATION OF THE EVIDENCE
DIRECT AND CIRCUMSTANTIAL
ARGUMENT OF COUNSEL

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

PATTERN JURY INSTRUCTIONS, Basic Instruction 4.1

REQUESTED INSTRUCTION NO. 4

CONSIDERATION OF THE EVIDENCE, DIRECT
AND CIRCUMSTANTIAL - - ARGUMENT OF COUNSEL
COMMENTS BY THE COURT

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

PATTERN JURY INSTRUCTIONS, Basic Instruction 4.2

## REQUESTED INSTRUCTION NO. 5

### CREDIBILITY OF WITNESSES

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true and accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making a decision you may believe or disbelieve any witness, in whole or in part. Also the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:

>Did the witness impress you as one that was telling the truth?
>
>Did the witness have any particular reason not to tell the truth?
>
>Did the witness have any personal interest in the outcome of the case?
>
>Did the witness have a good memory?
>
>Did the witness have the opportunity and the ability to observe accurately the things he or she testified about?
>
>Did the witness appear to understand the questions clearly and answer them directly?
>
>Did the witness' testimony differ from other testimony or evidence?

PATTERN JURY INSTRUCTIONS, Basic Instruction 5

REQUESTED INSTRUCTION NO. 6

IMPEACHMENT
INCONSISTENT STATEMENT AND FELONY CONVICTION

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important facts; or, whether there was evidence that some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

A fact that a witness has been convicted of a felony drug offense or a crime involving dishonesty or false statements, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness is not telling the truth if he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

PATTERN JURY INSTRUCTIONS, Basic Instruction 6.2

REQUESTED INSTRUCTION NO. 7

IMPEACHMENT
BY REPUTATION (OR OPINION)
CONCERNING TRUTHFULNESS

There may also be evidence tending to show that a witness has bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have an unfavorable opinion of the truthfulness of the witness.

You may consider those matters also in deciding whether to believe or disbelieve such a witness.

PATTERN JURY INSTRUCTIONS, Basic Instruction 6.7

## REQUESTED INSTRUCTION NO. 8

### EXPERT WITNESSES

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Neither because such a witness has expressed an opinion, however, does mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

PATTERN JURY INSTRUCTIONS, Basic Instruction 7

REQUESTED INSTRUCTION NO. 9

ON OR ABOUT - - KNOWINGLY - - WILLFULLY

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

PATTERN JURY INSTRUCTIONS, Basic Instruction 9.1

<u>REQUESTED INSTRUCTION NO. 10</u>

DUTY TO DELIBERATE

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, in returning a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are the judges-judges of the facts. Your only interest is to seek the truth from the evidence in the case.

PATTERN JURY INSTRUCTIONS, Basic Instruction 11

## REQUESTED INSTRUCTION NO 11.

### ACCOMPLICE - - INFORMER - - IMMUNITY

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

PATTERN JURY INSTRUCTIONS, Special Instruction 1.1

## REQUESTED INSTRUCTION NO. 12

### POSSESSION

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who knowingly has direct physical control of something is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, that possession is sole. If two or more persons share possession, such possession is joint.

Whenever the word "possession" has been used in these instructions it includes constructive as well as actual possession, and also joint as well as sole possession.

PATTERN JURY INSTRUCTIONS, Special Instruction 6

## REQUESTED INSTRUCTION NO. 13

### CHARACTER EVIDENCE

The Defendant has offered evidence of the Defendant's traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law abiding citizen, the jury should consider that testimony, allowing for all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

PATTERN JURY INSTRUCTIONS, Special Instruction 12

REQUESTED INSTRUCTION NO. 14

Controlled Substances
(Possession With Intent To Distribute)
21 USC § 841(a)(1)

Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or offense for anyone to possess a "controlled substance" with intent to distribute it.

_____ is a "controlled substance" within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the Defendant knowingly and willfully possessed _____ as charged;

Second: That the Defendant possessed the substance with the intent to distribute it; and

Third: That the weight of the _____ possessed by the Defendant was in excess of _____ as charged.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The Defendant is charged in the indictment with distributing a certain quantity or weight of the alleged controlled substance. However, you may find the Defendant guilty of the offense if the quantity of the controlled substance for which he should be held responsible is less than the amount or weight charged. Thus the verdict form prepared with respect to the Defendant, as I will explain in a moment, will require, if you find the Defendant guilty, to specify on the verdict your unanimous finding concerning the weight of the controlled substance attributable to the Defendant.

PATTERN JURY INSTRUCTIONS, Offense Instruction 85

15

REQUESTED INSTRUCTION NO. 15

TRANSCRIPT OF TAPE RECORDED CONVERSATION

As you have heard, Exhibit __ has been identified as a typewritten transcript of the oral conversation that can be heard on the tape recording received in evidence as Exhibit ___. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.

However, you are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

CERTIFICATE OF SERVICE

      I hereby certify that on September 10, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: <u>Christopher Snyder, Louis Franklin</u>, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: <u>  none  </u>.

          <u>s/John M. Poti</u>
          JOHN M. POTI (POT013)
          Attorney for Aubrey Goodwin
          696 N. Silver Hills Drive, Suite 102
          Prattville, Alabama 36066-6184
          TEL: (334) 361-3535
          FAX: 866-780-9012
          E-mail: john@jmpoti.com