# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO. 2:06-cr-273-MHT** |
| | ) | |
| **AUBREY GOODWIN** | ) | |
| | ) | |
| | ) | |

## United States' Proposed Jury Instructions

The United States respectfully requests that the following Proposed Jury

Instructions be given to the jury in this case. The United States also respectfully reserves

the right to submit additional requests as developments in this case may warrant.

Respectfully submitted this 10th day of September, 2007,

> LEURA G. CANARY
> United States Attorney
>
> /s/ Christopher A. Snyder
> CHRISTOPHER A. SNYDER
> Assistant United State Attorney
> One Court Square, Suite 201
> Montgomery, AL 36104
> Phone: (334) 223-7280
> Fax: (334) 223-7135
> E-mail: christopher.a.snyder@usdoj.gov

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO. 2:06-cr-273-MHT** |
| | ) | |
| **AUBREY GOODWIN** | ) | |
| | ) | |
| | ) | |

## Certificate of Service

I hereby certify that on September 10, 2007, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to John M. Poti, Esq.

Respectfully submitted,

LEURA G. CANARY
United States Attorney

/s/ Christopher A. Snyder
CHRISTOPHER A. SNYDER
Assistant United State Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

# Government's Requested Jury Instruction No. 1

« INTRODUCTION»

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the Indictment.[1]

---

[1] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 1 (Face Page, Introduction).

# Government's Requested Jury Instruction No. 2

« Duty to Follow Instructions»

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.[2]

---

[2] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 2.1 (Duty to Follow Instructions).

## Government's Requested Jury Instruction No. 3

« PRESUMPTION OF INNOCENCE»

The Indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.[3]

---

[3] 11th Cir. Pat. Instr., Basic Instr. Crim. No. 2.1 (Presumption of Innocence).

# Government's Requested Jury Instruction No. 4

«DEFINITION OF REASONABLE DOUBT»

While the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning a Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.[4]

---

[4] 11th Cir. Pat. Instr., Basic Instr. Crim. No. 3 (Definition of Reasonable Doubt).

# Government's Requested Jury Instruction No. 5

«CONSIDERATION OF THE EVIDENCE:
ARGUMENT OF COUNSEL, COMMENTS BY THE COURT»

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.[5]

---

[5] 11th Cir. Pat. Instr., Basic Instr. Crim. No. 4.2 (Consideration of the Evidence: Argument of Counsel, Comments by the Court).

# Government's Requested Jury Instruction No. 6

### «CONSIDERATION OF THE EVIDENCE:
### DIRECT AND CIRCUMSTANTIAL»

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.[6]

---

[6]  11th  Cir. Pat. Instr. Crim., Basic Instr. No. 4.2 (Consideration of the Evidence: Direct and Circumstantial).

# Government's Requested Jury Instruction No. 7

## «CREDIBILITY OF WITNESSES»

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?[7]

---

[7]  11th  Cir. Pat. Instr. Crim., Basic Instr. No. 5 (Credibility of Witnesses).

# Government's Requested Jury Instruction No. 8

«IMPEACHMENT – INCONSISTENT STATEMENT»

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[8]

---

[8]  11th  Cir. Pat. Instr. Crim., Basic Instr. No. 6.1 (Impeachment – Inconsistent Statement).

## Government's Requested Jury Instruction No. 9

«Expert Witnesses»

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters. Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.[9]

---

[9] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 7 (Expert Witnesses).

# Government's Requested Jury Instruction No. 10

«INTRODUCTION TO OFFENSE INSTRUCTIONS»

At this time I will explain the Indictment against the Defendant.  I will not read it to you at length because you will be given a copy of the Indictment for reference during your deliberations.[10]

The Indictment has two counts.  Both charge that within the Middle District of Alabama, the Defendant did knowingly distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, more commonly referred to as "crack cocaine."  I will now explain the law governing these offenses.

---

[10] 11th  Cir. Pat. Instr. Crim., Basic Instr. No. 8, ¶1. (Introduction to Offenses).

# Government's Requested Jury Instruction No. 11

«OFFENSE CONDUCT INSTRUCTION –
DISTRIBUTION OF A CONTROLLED SUBSTANCE
21 U.S.C. § 841(A)(1)»

Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or offense for anyone to distribute a "controlled substance." Cocaine base, more commonly referred to as "crack cocaine," is a "controlled substance" within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:         That the Defendant knowingly distributed the controlled substance, here "crack cocaine"; and

Second:     That the weight of the "crack cocaine" possessed by the Defendant was in excess of five grams as charged in each count.[11]

The word "distribute" means to deliver a controlled substance. "Deliver" is defined as the actual, constructive or attempted transfer of a controlled substance. Simply stated the words distribute, and deliver means to pass on, or to hand over to another, or to cause to be passed on or handed over to another, or to try to pass on or hand over to another, a controlled substance.[12]

---

[11] 11th Cir. Pat. Instr. Crim., Offense Instr. No. 85 (Controlled Substances 21 U.S.C. § 841(a)(1)) (modified and redacted slightly to account for the fact that the Defendant is charged with distribution of cocaine base, not possession with the intent to distribute).

[12] 3 Leonard B. Sands et al., *Modern Federal Jury Instructions–Criminal*, Intr. 56-10, at ¶ 56-24 (2007) (citing among other cases, *United States v. Wilson*, 657 F.2d 755, 761 (5th Cir. Sept. 30, 1981)); *see also Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir. 1981) (adopting as binding precedent all decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981)). This proposed instruction has been modified slightly to account for the fact that the Eleventh Circuit refers to narcotics as

Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying of delivering the drugs may constitute distribution. In short, distribution requires a concrete involvement in the transfer of the drugs.[13]

The Defendant is charged in the Indictment with distributing a certain quantity or weight of the alleged controlled substances. However, you may find the Defendant guilty of the offense if the quantity of the controlled substances for which he should be held responsible is less than the amount or weight charged. Thus the verdict form prepared with respect to the Defendant, as I will explain in a moment, will require, if you find the Defendant guilty, to specify on the verdict your unanimous finding concerning the weight of the controlled substance attributable to the Defendant.[14]

---

controlled substances.

[13] 3 Leonard B. Sands et al., *Modern Federal Jury Instructions–Criminal*, Intr. 56-10, at ¶ 56-24 (2007) (citing *United States v. Wigley*, 627 F.2d 224 (10th Cir. 1980) and 18 U.S.C. §802 et seq.); *see also United States v. Brunty*, 701 F.2d 1375, 1380-81 & n. 16 (11th Cir. 1983).

[14] 11th Cir. Pat. Instr. Crim., Offense Instr. No. 85 (Controlled Substances 21 U.S.C. § 841(a)(1)).

# Government's Requested Jury Instruction No. 12

### «USE OF INFORMANTS WHERE ENTRAPMENT NOT A DEFENSE»

You have heard testimony from paid informants who were employed by the Government to investigate the Defendant.

There is nothing improper or illegal with the Government using these techniques, so long as the Defendant's rights are not violated, and the Defendant has not claimed that his rights were violated in this case.  Indeed, certain types of evidence would be extremely difficult to detect without the use of informants.

Whether or not you approve of the use of an informants to detect unlawful activities is not to enter into your deliberations in any way.  If you are satisfied beyond a reasonable doubt that the Defendant committed the offense charged in the Indictment, the circumstance that the Government made use of an informant is irrelevant to your determination.[15]

---

[15] 1 Leonard B. Sands et al., *Modern Federal Jury Instructions–Criminal*, Instr. 5-23, at ¶ 5-67 (2007).

## Government's Requested Jury Instruction No. 13

«Informer»

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.[16]

---

[16] 11th Cir. Pat. Instr. Crim., Special Instr. 1.1 (Informer) (redacted Accomplice and Immunity portion of instruction).

# Government's Requested Jury Instruction No. 14

«ON OR ABOUT; KNOWINGLY»

You will note that the Indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the Indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.[17]

---

[17] 11th Cir. Pat. Instr. Crim. No. 9.2 (On or About; Knowingly (Only); (When Willfulness or Specific Intent Is Not An Element)).

# Government's Requested Jury Instruction No. 15

«Verdict»

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

[Explain verdict form]

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.[18]

---

[18] 11th Cir. Pat. Instr. Crim., Basic No. 12 (Verdict).

# Government's Requested Jury Instruction No. 16

«DUTY TO DELIBERATE»

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges–judges of the facts.  Your only interest is to seek the truth from the evidence in the case.[19]

_____

[19] 11th Cir. Pat. Instr. Crim., Basic No. 11 (Duty to Deliberate).

# Government's Requested Special Verdict Form

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO. 2:06-cr-273-MHT** |
| | ) | |
| **AUBREY GOODWIN** | ) | |
| | ) | |
| | ) | |

## <u>Special Verdict Form</u>

1.      We, the Jury, find the Defendant Aubrey Goodwin:

\_\_\_\_\_ Not Guilty

\_\_\_\_\_ Guilty

of Distribution of a Controlled Substance as charged in Count One of the Indictment.

If you find the defendant guilty of the offense charged in Count One of the Indictment, was the amount of the controlled substance distributed in this Count more than 5 grams?

\_\_\_\_\_ No

\_\_\_\_\_ Yes

2.      We, the Jury, find the Defendant Aubrey Goodwin:

\_\_\_\_\_ Not Guilty

\_\_\_\_\_ Guilty

of Distribution of a Controlled Substance as charged in Count Two of the Indictment.

If you find the defendant guilty of the offense charged in Count Two of the Indictment, was the amount of the controlled substance distributed in this Count more than 5 grams?

\_\_\_\_\_ No

\_\_\_\_\_ Yes

SO SAY WE ALL.

_____
Foreperson

Date: _____