IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) ) | |
| v. | ) ) | CR. NO. 2:06-cr-273-MHT |
| **AUBREY GOODWIN** | ) ) ) ) | |

## United States' Requested Voir Dire Questions

In addition to the standard questions that the Court asks of the jury venire in this District, the United States also requests that the Court ask the attached additional questions. The United States respectfully reserves the right to submit additional requests as developments in this case may warrant.

Respectfully submitted this 10th day of September, 2007,

                                                           LEURA G. CANARY
                                                         United States Attorney

                                                         /s/ Christopher A. Snyder
                                                         CHRISTOPHER A. SNYDER
                                                         Assistant United State Attorney
                                                         One Court Square, Suite 201
                                                         Montgomery, AL 36104
                                                         Phone: (334) 223-7280
                                                         Fax: (334) 223-7135
                                                         E-mail: christopher.a.snyder@usdoj.gov

**I.     Prior Experience with Law Enforcement or Government**

1. Has a relative or close friend of any panel member ever been employed by a local, state, or federal law enforcement agency? What about employment with a local, state, or federal government?

If so, what position was or is held?

2. Has any member of the panel ever had any training in law or in law enforcement?

If so, please describe.

3. Other than a traffic ticket, has any member of the panel ever had an unpleasant experience involving law enforcement?

If so, please explain.

**II.    Drug Enforcement Administration and the Use of Confidential Informants**

4. Does anyone believe that the Federal Government does not have the right to criminalize the use, possession, and distribution of certain drugs?

5. Do any of you have any reason why you would be unable to give either the government or the defendant a fair trial based solely upon the fact that the Drug Enforcement Administration ("DEA") is involved?

6. Has any member of the jury panel, or any member of your family ever been investigated by the DEA, or by a state or local law enforcement narcotics agency?

If so, please elaborate.

7. Have you or any of your friends or relatives ever had any problems associated with the use, possession, or distribution of illegal drugs?

If so, please elaborate.

8. Do any of you have a problem with the Government's use of confidential, paid informants?

If so, please elaborate.

9. Do all of you understand that if you are satisfied beyond a reasonable doubt that the defendant committed the offense(s) charged in the indictment, then the fact that the Government made use of an informant is irrelevant to your determination of guilt?

### III.   Moral, Religious, or Ethical Concerns

9. Do any of you have any feelings, whether they may be moral, religious, philosophical or otherwise, that would prevent you from being a fair and impartial juror in this case or that would prevent you from sitting in judgment on your fellow man?

10. To admit to having some sympathy for the defendant or the government in this case is nothing to be ashamed of and does not reflect badly upon you as a person. However, both the government and the defendant are entitled to have this case heard by a fair and impartial jury that will decide the case solely according to the evidence admitted in this Court and according to the Court's instructions on the law. The law provides that the jury may not be governed by sympathy, prejudice, or public opinion. With this in mind, do any of you have any reason why you would be unable to give either the

government or the defendant a fair trial based solely upon the evidence admitted at the trial and the instructions given by the Court?

## IV.    Instructions from the Court; Sentencing

11.  Can all of you decide this case solely on the evidence presented in this courtroom, applying the law as given to you by the Court, and decide it without bias, prejudice, and sympathy?

If not, please elaborate.

12.  Is there any reason why any of you would be unable to reach a fair and impartial verdict based solely upon the evidence submitted during the trial and the instructions which the judge gives you?

13. Do all of you realize that as a juror, in your deliberations as to guilt, you must not consider any possible punishment?

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) ) | |
| **v.** | ) ) | **CR. NO. 2:06-cr-273-MHT** |
| **AUBREY GOODWIN** | ) ) ) ) | |

## Certificate of Service

I hereby certify that on September 10, 2007, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to John M. Poti, Esq.

    Respectfully submitted,
    LEURA G. CANARY
    United States Attorney

    /s/ Christopher A. Snyder
    CHRISTOPHER A. SNYDER
    Assistant United State Attorney
    One Court Square, Suite 201
    Montgomery, AL 36104
    Phone: (334) 223-7280
    Fax: (334) 223-7135
    E-mail: christopher.a.snyder@usdoj.gov