IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| **v.** | ) ) ) | **CR. NO. 2:06-cr-273-MHT** |
| **AUBREY GOODWIN** | ) ) ) ) | |

### United States' Motion to In Limine to Exclude Cross-Examination with Prior Criminal Conviction

The United States moves to exclude Defendant Aubrey Goodwin's cross-examination or mention of one of the criminal convictions of its Confidential Informant in this case. The Informant has two convictions. The first is a 1998 Alabama misdemeanor conviction for harassment;[1] this conviction is inadmissible. In order for a misdemeanor conviction to be admissible to impeach a witness, that conviction must have involved dishonesty or a false statement.[2] Alabama harassment does not involve either,[3] and therefore it is inadmissible. Goodwin must therefore be barred from mentioning it.

---

[1] Violating Ala. Code § 13A-11-8(a)(1).

[2] *See* Fed. R. Evid. 609(a)(2).

[3] *See, e.g.*, *United States v. Hayes*, 553 F.2d 824 (2d Cir. 1977) (noting that crimes of force or stealth do not come within Fed. R. Evid. 609(a)(2)); *Gordon v. United States*, 383 F.2d 936 (D.C. Cir. 1967) (holding that convictions which rest on dishonest conduct relate to credibility of witness while those of violent or assaultive crimes generally do not). In fact, it is established in this Circuit that even crimes such as theft, robbery, or shoplifting do not involve "dishonesty or false statement" within the meaning of Rule 609(a)(2). *See, e.g.*, *United States v. Entrekin,* 624 F.2d 597, 598-99 (5th Cir.1980) (shoplifting); *United States v. Preston,* 608 F.2d 626, 638 n. 15 (5th Cir.1979) (bank robbery); *Howard v. Gonzales,* 658 F.2d 352, 358-59 (5th Cir. Unit A 1981) (theft).

The Informant also has a 2002 Alabama felony conviction for possession of a controlled substance.[4]  Normally, a felony conviction that is less than ten years old is admissible as impeachment material subject to Fed. R. Evid. 403's balancing test.[5]  Yesterday, however, the United States learned that this conviction has recently been expunged.  Under Fed. R. Evid. 609(c), this conviction may be inadmissible if the expungement order was "based on a finding of the rehabilitation" of the Informant.[6]  The United States is in the process of so determining, and if the order was, may later request that the Court exclude that conviction as well.

Respectfully submitted this 11th day of September, 2007,

>LEURA G. CANARY
>UNITED STATES ATTORNEY
>
>/s/ Christopher Snyder
>CHRISTOPHER A. SNYDER
>Assistant United States Attorney
>131 Clayton Street
>Montgomery, AL 36104
>Phone: (334) 223-7280
>Fax: (334) 223-7135
>E-mail: christopher.a.snyder@usdoj.gov

---

[4] Violating Ala. Code § 13A-12-212(a).

[5] *See* Fed. R. Evid 609(a)(1)).

[6] *See also Wilson v. Attaway*, 757 F.2d 1227 (11th Cir. 1985) (holding that because Georgia's first offender statute does not involve finding of rehabilitation and thus does not eradicate facts underlying offense); *United States v. Wiggins*, 566 F.2d 944 (5th Cir. 1978) (noting that for purposes of judging whether evidence of defendant's prior conviction for distributing heroin was admissible as bearing on his credibility, fact that defendant had been released from "halfway house" where he had been placed as condition of his probation on such drug offense was not equivalent of "certificate of rehabilitation" within meaning of such phrase as used in Rule 609(c)).

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2007, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to John M. Poti, Esq.

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
