IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr273-MHT |
| | ) | |
| AUBREY GOODWIN | ) | |

**MOTION IN LIMINE TO EXCLUDE RULE 404(b) EVIDENCE**

    The Defendant, by and through his attorney, John M. Poti, moves this Honorable Court pursuant to Federal Rules of Evidence 401, 402, 403, and 802, to prohibit, *in limine*, the introduction of two audiotape transcripts which are alleged to be purchases of crack cocaine involving the defendant Aubrey Goodwin, on or about May 21, 2003, and June 11, 2003.   The Defendant further moves *in limine* for an order precluding the government from using during its case-in-chief certain evidence earmarked by the government as evidence of prior bad acts under Federal Rule of Evidence 404(b), specifically, testimony by the confidential source that he saw Goodwin sell drugs on occasions other than are charged in the Indictment. The grounds supporting this motion are set forth as follows:

    1.  Federal Rule of Evidence 402 provides that only evidence that is relevant is admissible. Federal Rule of Evidence 401 defines relevant evidence as evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  The May 21, 2003 audiotape of an alleged drug transaction made by the Defendant is so distorted and filled with static as to be virtually inaudible.  Snatches of conversation may be heard at times, but it is entirely lacking in context.  The portions that are audible do not allude to any alleged transaction.  As a result, the transcript is highly

prejudicial and as such should be excluded under Federal Rule of Evidence 403. The potential for unfair prejudice greatly outweighs the probative value of this tape.

2. The second audiotape is a recording from a body wire worn by the confidential informant. This transcript of the alleged transactions on or about June 11, 2003 should be limited because it, too, is so distorted and filled with static as to be virtually inaudible. Fragments of conversation may be heard at times, but again, it is entirely lacking in context. The second audiotape also contains inadmissible heresay. Heresay is defined in Federal Rule of Evidence 801 as "a statement, other than one made by the Declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." A review of the audiotape reveals unidentified individuals and editorializing. All statements other than those between the confidential informant and the individual alleged to be the defendant are inadmissible under Rule 802, and, as such, are not to be put to the jury for their consideration.

3. On September 10, 2007, in a letter from counsel for the government to undersigned defense counsel, the government stated its intention to introduce at the trial of this case evidence that the confidential source saw Goodwin sell drugs on occasions other than are charged in the Indictment. According to the government, the foregoing evidence is intrinsic evidence, which is "necessary to complete the story of the crime and inextricably intertwined with the evidence regarding the charged offense."

4. <u>Rule 403 Considerations of Prejudice Outweigh Any Rule 404(b) Considerations.</u>
While Rule 404(b) permits the introduction of "other crimes, wrongs or acts" not alleged in the indictment for limited purposes such as proving a defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, Rule 403 allows for the

exclusion of evidence if its probative value is subsequently outweighed by the danger of unfair prejudice. The proposed other-crimes evidence is highly prejudicial. Prejudice is of special concern where the uncharged wrongful act involves drugs, and is compounded when the defendant is already on trial for an alleged drug crime.

5. The prejudicial impact on Goodwin outweighs admitting the evidence of the alleged wrongful act. For the jury to hear such testimony would poison their perception of Defendant Willis' character and essentially place a burden on him to prove his good character, an obligation he clearly does not have under the law. The only way to avoid prejudice to the defendant is to exclude the evidence outright.

6. Even if the Court determines that the proffered evidence is "inextricably intertwined," the evidence submitted is subject to Fed. R. Evid. 403's balancing requirement. United States v. Church, 955 F.2d 688 (11th Cir. 1992). Prior wrongful act evidence has a significant potential for prejudicial effect, and therefore, should not be employed unless really necessary. If the government can do without such evidence, fairness dictates that it should, but if the evidence is essential to obtain a conviction, it may come in. United States v. Jones, 28 F.3d 1574 (11th Cir. 1994); modified on other grounds, 74 F.3d 275 (11th Cir. 1996); United States v. Hernandez, 896 F.2d 513 (11th Cir. 1990); United States v. Pollock, 926 F.2d 1044 (11th Cir. 1991); United States v. Matthews, 431 F.3d 1296, 1312 (11th Cir. 2005); United States v. Baker, 432 F.3d 1189, 1204-05 (11th Cir. 2005)

7. It is essential that these issues be decided before the Government is allowed to make any reference to the transcripts or alleged wrongful acts to the jury, as it is the position of the undersigned Counsel that a reference or an attempt to introduce this evidence by the Government followed by an objection resulting in the their exclusion could prove more detrimental to the

defendant than the evidence because it could result in speculation regarding.

WHEREFORE, PREMISES CONSIDERED, Defendant Goodwin hereby moves this Honorable Court to grant his foregoing Motion *In Limine*.

Respectfully submitted this 3rd day of December, 2007.

        s/John M. Poti
        **JOHN M. POTI (POT013)**
        Attorney for Aubrey Goodwin
        696 N. Silver Hills Drive, Suite 102
        Prattville, AL 36066-6184
        TEL: (334) 361-3535
        FAX: 1-866-780-9012
        E-mail: john@jmpoti.com

CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jerusha Adams, Louis Franklin, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:   none   .

        s/John M. Poti
        JOHN M. POTI (POT013)
        Attorney for Aubrey Goodwin
        696 N. Silver Hills Drive, Suite 102
        Prattville, Alabama 36066-6184
        TEL:  (334) 361-3535
        FAX: 1-866-780-9012
        E-mail: john@jmpoti.com