IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06-cr-273-MHT |
| | ) | |
| AUBREY GOODWIN | ) | |

## UNITED STATES' REQUESTED JURY INSTRUCTIONS

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully requests that the following Jury Instructions be given to the jury in the above case. All of the instructions are 11th Circuit Pattern Instructions, except for the Offense Instruction (No. 11).

Respectfully submitted this 3rd day of December, 2007.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334-223-7280 phone   334-223-7135  fax
jerusha.adams@usdoj.gov

# UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 1

**Face Page - Introduction**[1]

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the indictment.

---

[1] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 1.

**UNITED STATES' REQUESTED JURY INSTRUCTION**
**No. 2**

**Duty To Follow Instructions**
**Presumption Of Innocence**
**(When Any Defendant Does Not Testify)**[2]

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

---

[2] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 2.2.

## UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 3

### Definition Of Reasonable Doubt[3]

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

---

[3] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 3.

**UNITED STATES' REQUESTED JURY INSTRUCTION**
**No. 4**

**Consideration Of The Evidence, Direct
And Circumstantial - - Argument Of Counsel
Comments By The Court[4]**

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

---

[4]  11th Cir. Pat. Instr. Crim., Basic Instr. No. 4.2.

# UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 5

**Credibility Of Witnesses**[5]

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

---

[5] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 5.

## UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 6

### Impeachment
### Inconsistent Statement And Felony Conviction[6]

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

---

[6] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 6.2.

## UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 7

**Expert Witnesses**[7]

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

---

[7] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 7.

## UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 8

### Accomplice - - Informer - - Immunity[8]

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

---

[8] 11th Cir. Pat. Instr. Crim., Special Instr. No. 1.1.

## UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 9

### Identification Testimony[9]

In any criminal case the Government must prove, of course, the identity of the Defendant as the person who committed the alleged crime.

When a witness points out and identifies a Defendant as the person who committed a crime, you must first decide, as with any other witness, whether that witness is telling the truth. Then, if you believe the witness was truthful, you must still decide how accurate the identification was. Again, I suggest that you ask yourself a number of questions: Did the witness have an adequate opportunity at the time of the crime to observe the person in question? What length of time did the witness have to observe the person? What were the prevailing conditions at that time in terms of visibility or distance and the like? Had the witness known or observed the person at earlier times?

You may also consider the circumstances surrounding the later identification itself including, for example, the manner in which the Defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the witness' identification of the Defendant.

After examining all of the testimony and evidence in the case, if you have a reasonable doubt as to the identity of the Defendant as the perpetrator of the offense charged, you must find the Defendant not guilty.

---

[9] 11th Cir. Pat. Instr. Crim., Special Instr. No. 3.

**UNITED STATES' REQUESTED JURY INSTRUCTION**
**No. 10**

**Similar Acts Evidence**

**(Rule 404(b), FRE)**[10]

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of the Defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the Defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the Defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine

[whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment]

or

[whether the Defendant acted according to a plan or in preparation for commission of a crime]

or

[whether the Defendant committed the acts for which the Defendant is on trial by accident or mistake].

---

[10] 11th Cir. Pat. Instr. Crim., Special Instr. No. 4.

## UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 11

**DISTRIBUTION OF A CONTROLLED SUBSTANCE: 21 U.S.C. § 841(A)(1)**

Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or offense for anyone to distribute a "controlled substance." Cocaine base, more commonly referred to as "crack cocaine," is a "controlled substance" within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the Defendant knowingly distributed the controlled substance, here "crack cocaine;" and

Second: That the weight of the "crack cocaine" distributed by the Defendant was in excess of five grams as charged in each count.[11]

The word "distribute" means to deliver a controlled substance. "Deliver" is defined as the actual, constructive or attempted transfer of a controlled substance. Simply stated the words distribute, and deliver means to pass on, or to hand over to another, or to cause to be passed on or handed over to another, or to try to pass on or hand over to another, a controlled substance.[12]

---

[11] 11th Cir. Pat. Instr. Crim., Offense Instr. No. 85 (Controlled Substances 21 U.S.C. § 841(a)(1)) (modified and redacted slightly to account for the fact that the Defendant is charged with distribution of cocaine base, not possession with the intent to distribute).

[12] 3 Leonard B. Sands et al., *Modern Federal Jury Instructions–Criminal*, Intr. 56-10, at ¶ 56-24 (2007) (citing among other cases, *United States v. Wilson*, 657 F.2d 755, 761 (5th Cir. Sept. 30, 1981)); *see also Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir. 1981) (adopting as binding precedent all decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981)). This proposed instruction has been modified slightly to account for the fact that the Eleventh Circuit refers to narcotics as

Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying of delivering the drugs may constitute distribution. In short, distribution requires a concrete involvement in the transfer of the drugs.[13]

The Defendant is charged in the Indictment with distributing a certain quantity or weight of the alleged controlled substances. However, you may find the Defendant guilty of the offense if the quantity of the controlled substances for which he should be held responsible is less than the amount or weight charged. Thus the verdict form prepared with respect to the Defendant, as I will explain in a moment, will require, if you find the Defendant guilty, to specify on the verdict your unanimous finding concerning the weight of the controlled substance attributable to the Defendant.

---

controlled substances.

[13] 3 Leonard B. Sands et al., *Modern Federal Jury Instructions–Criminal*, Intr. 56-10, at ¶ 56-24 (2007) (citing *United States v. Wigley*, 627 F.2d 224 (10th Cir. 1980) and 18 U.S.C. §802 et seq.); *see also United States v. Brunty*, 701 F.2d 1375, 1380-81 & n. 16 (11th Cir. 1983).

## UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 12

**On Or About - - Knowingly - - Willfully**[14]

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

---

[14] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 9.1.

## UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 13

### Caution - - Punishment

### (Single Defendant - - Multiple Counts)[15]

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

---

[15] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 10.2.

## UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 14

### Duty To Deliberate[16]

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

---

[16] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 11.

## UNITED STATES' REQUESTED JURY INSTRUCTION
## No. 15

**Verdict**[17]

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

---

[17] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 12.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  2:06-cr-273-MHT |
| | ) | |
| AUBREY GOODWIN | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: John Poti.

    Respectfully submitted,
    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ Jerusha T. Adams
    JERUSHA T. ADAMS
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    334-223-7280 phone    334-223-7135   fax
    jerusha.adams@usdoj.gov