IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | 2:06-cr-273-WHA-SRW |
| ) | (WO) |
| AUBREY GOODWIN ) | |

**ORDER**

    This cause is now before the court on the Defendant's Motion in Limine (Doc. #54). This Defendant seeks to exclude two pieces of evidence: (1) transcripts of two recorded conversations between a confidential informant witness and the defendant; and (2) testimony from the confidential informant with respect to a prior act not included in the indictment. The court has thoroughly reviewed the briefing of the parties and the transcript of the defendant's previous trial, and finds that the motion is due to be DENIED in part and DENIED as moot in part for the following reasons.

    First, the government has agreed not to offer the transcripts to the jury, but instead to proffer the recordings and allow the witness to testify as to their content. The defendant objects only to the use of the transcripts of the recordings, and not to the recordings themselves. The defendant's Motion in Limine with respect to the transcripts is therefore due to be DENIED as moot.

    Second, the Court has reviewed the transcript of the prior trial as well as the briefings of the parties and finds that the testimony regarding the prior incident is admissible. The confidential informant's testimony regarding the prior uncharged offense is relevant to show the picture of how the confidential informant initiated contact with the defendant and thus gained the

access necessary to effectuate the subsequent purchases. This incident is therefore admissible because it is "inextricably intertwined with the evidence regarding the charged offense" and "necessary to complete the story" of the charged offense. *United States v. Ramsdale*, 61 F.3d 825, 830 (11th Cir. 1995). Alternatively, the evidence could be admissible for other purposes under FED. R. EVID. 404(b), such as proof of "plan" or "identity." The Motion in Limine with respect to exclusion of the informant's testimony under 404(b) is therefore due to be DENIED.

For the reasons discussed, it is hereby ORDERED as follows:

1. The Defendant's Motion in Limine (Doc. #54) with respect to the transcripts is DENIED as moot.

2. The Defendant's Motion in Limine (Doc. #54) with respect to testimony of the prior incident is DENIED.

3. The court will consider giving a limiting instruction to the jury at the time testimony is given concerning the uncharged offense, if requested by the Defendant.

Done this 10th day of December, 2007.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE