IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA      )
                              )
        v.                    )   CRIMINAL ACTION NO.
                              )      2:06cr273-ᏇᎻᎪ
AUBREY GOODWIN                )


COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

    It is now my duty to instruct you on the rules of law

that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and

begin your discussions--what we call your deliberations.


I.


    It will be your duty to decide whether the government

has proved beyond a reasonable doubt the specific facts

necessary to find the defendant guilty of the crimes

charged in the indictment.  You must make your decision

only on the basis of the testimony and other evidence

presented here during the trial; and you must not be influenced in any way by public opinion or by either sympathy or prejudice for or against the defendant or the government. Both the defendant and the government expect a fair trial at your hands and that you will carefully and impartially consider this case, without prejudice or sympathy.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt. Indeed, every defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or to produce any evidence at all; and if a defendant elects not to testify, you should not consider that in any way during your deliberations. The government has the burden of

proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that defendant not guilty.

When a defendant is placed on trial charged with the commission of a public offense, the law says that he is presumed to be innocent of the offense. A defendant enters this trial with a presumption of innocence in his favor, and it is a fact which is to be considered as evidence, and should not be disregarded. And this presumption of innocence remains with a defendant during the trial until overthrown by evidence which convinces the jury of a defendant's guilt beyond a reasonable doubt.

A defendant is never to be convicted upon mere suspicion or conjecture. So, if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of the charge, it must acquit that defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's

3

guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As stated earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers have said is not binding upon you. Also, you should not assume from

4

anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

Also, in certain instances, evidence may be admitted only for a particular purpose and not for all purposes. For the limited purpose for which such evidence has been received, you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not necessarily be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the

weight you may give to either direct or circumstantial evidence.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not necessarily controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you consider which side called the witness, as well as the demeanor and manner in which the witness testified, and that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular

reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness

7

has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field - one who is called an expert witness - is permitted to state his or her opinion concerning those technical matters.  Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

You should not give extra credence to a person's testimony just because of his or her status as a law

enforcement officer. You must consider him or her as any other witness. Under the laws of the United States, witnesses, including law enforcement officers, are the same. Feelings of support for law enforcement officers, right or wrong, have no place under our system of justice.

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses. For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the government. So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

II.

The defendant in this case is Aubrey Goodwin. He is charged with two counts in the indictment. Both charge that within the Middle District of Alabama, the defendant did knowingly distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, more commonly referred to as "crack cocaine." I will now explain the law governing these offenses.

Title 21, United States Code, Section 841(a)(1), makes it a federal crime or offense for anyone to distribute a "controlled substance." Cocaine base is a "controlled substance" within the meaning of the law. The defendant can be found guilty of this offense only if the following fact is proved beyond a reasonable doubt: That the defendant knowingly and willfully distributed cocaine base as charged.

The word "distribute" means to deliver a controlled substance. "Deliver" is defined as the actual, constructive or attempted transfer of a controlled substance. Simply stated the words distribute and

10

deliver mean to pass on or hand over to another, or to cause to be passed on or handed over to another, or to try to pass on or hand over to another, a controlled substance.

Distribution does not require sale. Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying or delivering the drugs may constitute distribution. In short, distribution requires a concrete involvement in the transfer of drugs.

The defendant is charged in the indictment with distributing a certain quantity or weight of an alleged controlled substance to another person, with or without any financial interest in the transaction. However, you may find the defendant guilty of the offense if the quantity of the controlled substance for which he should be held reponsible is less than the amount or weight charged. Thus the verdict form prepared with respect to the defendant, as I will explain in a moment, will require, if you find the defendant guilty, to specify on

11

the verdict form your unanimous finding concerning the weight of the controlled subtance attributable to the defendant.

### III.

You will note that the indictment charges that the offense was committed "on or about" a certain date. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident. The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the

law forbids; that is, with purpose either to disobey or disregard the law.

The word "possession" as that term has been used from time to time in these instructions, means either that the person has direct physical control of something on or around his person, or that the person has both the power and the intention to later take control over something. The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession. A person who has direct physical control of something on or around his person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it. Whenever the word "possession" has been used in these instructions it includes actual as well as constructive.

IV.

I caution you, members of the jury, that you are here
to determine from the evidence in this case whether the
defendant is guilty or not guilty.  The defendant is on
trial only for the specific offenses alleged in the
indictment.   The defendant is not on trial for any
conduct not specifically charged in the indictment.

Also, the question of punishment should never be
considered by the jury in any way in deciding the case.
If a defendant is convicted the matter of punishment is
for the judge alone to determine later.

Any verdict you reach in the jury room, whether
guilty or not guilty, must be unanimous.  In other words,
to return a verdict you must all agree.   Your
deliberations will be secret; you will never have to
explain your verdict to anyone.

It is your duty as jurors to discuss the case with
one another in an effort to reach agreement if you can do
so.  Each of you must decide the case for yourself, but
only after full consideration of the evidence with the

14

other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience.  You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the appropriate verdict form, date and sign it, and then you will return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the Marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.