IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr273-WHA |
| | ) | |
| AUBREY GOODWIN | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW Aubrey Goodwin, Defendant in the above-styled action, by and through undersigned counsel, and submits this sentencing memorandum in order to aid the Court in making its sentencing determination pursuant to 18 U.S.C. § 3553. The defendant requests that the Court impose a sentence, in the exercise of its discretion under 18 U.S.C. § 3553(a) that is sufficient, but not greater than necessary, to comply with the purposes of sentencing and takes into account all the circumstances present in this case, based on the following.

    I.   Background, history and characteristics of Aubrey Goodwin

Aubrey Goodwin turned 35 years old on February 12, 2008. He was born in Union Springs, Alabama. His father, Charles F. Russell, died in 1991 of natural causes, and his mother, Annie Goodwin, died in 2003 from a blood clot. Aubrey is the youngest of three children born to Charles and Annie.

Aubrey's parents divorced when he was young, and he never established a good relationship with his father. He was reared in the home by his mother and older sister, and credits them with instilling in him the importance of discipline and education. Aubrey lived

in his mother's home until his graduation from high school in 1991, and his entry into Alabama A&M University. He graduated from A&M in 1996 with a degree in management.

Mr. Goodwin has held various jobs since his graduation from college, and has always been able to maintain stable employment. In 2003, Aubrey's mother died from a blood clot. This was a very difficult and emotional time for him. Also in 2003, he married Willa Johnson and they have one child, Aubreia Goodwin, a girl age 9. Mr. Goodwin also has a daughter, Audreyuanna Robbins, from a relationship with Ms. Crystal Robbins. Both Ms. Johnson and Ms. Robbins report that Aubrey has a good relationship with his children. The youngest child, Audreyuanna Robbins, was born premature and is highly susceptible to illness, and as a result receives Social Security Supplemental Income.

Aubrey is well thought of in the community, and has the reputation for being of good character. Attached as part of this Memorandum are six (6) letters from members of the Union Springs and Bullock County community.

## II.    Law

As this Court is well-familiar, the Sentencing Guidelines and their applicable Commentary are now advisory, and although they must be calculated for each defendant, their application is merely one of the statutory factors set forth in 18 U.S.C. § 3553(a) that a sentencing court must consider when imposing sentence, which sentence is ultimately reviewed for reasonableness. As articulated by the Eleventh Circuit in *United States v. Crawford*, 407 F.3d 1174, 1178-79 (11th Cir. 2005):

> A sentencing court under *Booker* still must consider the Guidelines, and, such consideration necessarily requires the sentencing court to calculate the Guidelines sentencing range in the same manner as before *Booker*. In other words, as was

>the case before *Booker*, the district court must calculate the Guidelines range accurately. A misinterpretation of the Guidelines by a district court effectively means that the district court has not properly consulted the Guidelines. After it has made this calculation, the district court may impose a more severe or more lenient sentence as long as the sentence is reasonable, see *Booker*, 125 S.Ct. at 767 ("The courts of appeals review sentencing decisions for unreasonableness."), but the requirement of consultation itself is inescapable.

As of November 1, 2007, new rules apply for determining the base offense level in cocaine base ("crack") cases under U.S.S.G. § 2D1.1 of the advisory guidelines. The Commission amended the Drug Quantity Table in § 2D1.1 so that crack quantities triggering the five- and ten-year mandatory minimums are assigned base offense levels two levels lower than before. The base offense levels for these quantities now correspond to guideline ranges that include (rather than exceed) the mandatory minimum. The Commission similarly adjusted the drug threshold quantities above, between, and below the mandatory minimum thresholds, with the net result being that for crack offenses, base offense levels across the board are two levels lower than they would have been before the amendment. See 72 Fed. Reg. 28,558, 28,571-73; U.S.S.G. App. C, Supp. Amend. 706; U.S.S.G. § 2D1.1 (2007).

### III.     Argument

The recalibration of the crack cocaine quantity thresholds is not without problems. The Commission has created a system in which the ratio of crack to powder cocaine varies wildly from one offense level to the next. Below are the new ratios:

| LEVEL | RATIO |
|---|---|
| 38 | 33:1 |
| 36 | 33:1 |
| 34 | 30:1 |
| 32 | 33:1 |
| 30 | 70:1 |

| LEVEL | RATIO |
|---|---|
| 28 | 57:1 |
| 26 | 25:1 |
| 24 | 80:1 |
| 22 | 75:1 |
| 20 | 67:1 |
| lower | 50:1 |

In the instant case, Aubrey Goodwin was found guilty at trial of unlawful distribution of 70.6 grams of crack, resulting in a base offense level of 30 and a guideline range of 97-121 months (Criminal history category I). In order to reach the same base offense level, a defendant would have to distribute 70 times more powder cocaine. If Mr. Goodwin had been found guilty of distribution of powder cocaine, his base offense level would be 16 with a guideline range of 21-27 months. To make matters worse, the above revised ratios can be more severe for lower-level defendants that those who are bigger dealers.

District courts are free to disagree with the Guidelines on general policy grounds, individualized fact-based grounds, or both. District courts are no longer required, or permitted, to simply defer to the Sentencing Commission's policies. *Rita v. United States*, 127 S. Ct. at 2465, 2468 (district court may conclude that the guideline sentence fails to reflect § 3553(a) considerations, reflects an unsound judgment, does not treat defendant characteristics in the proper way, or that a different sentence is appropriate "regardless.").

## IV.    Conclusion

With the foregoing in mind, Mr. Goodwin is asking the Court to make the independent assessment – under 18 U.S.C. § 3553(a) and pursuant to the Court's duty under *Booker* and *Rita* – that an advisory guideline range based on a higher ratio reflects "unsound

judgment" on the part of the Commission and should not be followed and that the lowest ratio should be used. Applying the lowest ration of 25:1, Mr. Goodwin's base offense level would be 26 with a guideline range of 63-78 months. Mr. Goodwin respectfully submits that a sentence at the low end of this Guideline range, namely 63 months, will, pursuant to 18 U.S.C. § 3553(a) be sufficient, but not greater than necessary, to comply with the purposes of sentencing.

        Respectfully submitted this 20th day of February 2008.

        s/John M. Poti  
        **JOHN M. POTI (POT013)**  
        Attorney for Aubrey Goodwin  
        696 N. Silver Hills Drive, Suite 102  
        Prattville, AL 36066-6184  
        TEL: (334) 361-3535  
        FAX: 1-866-780-9012  
        E-mail: john@jmpoti.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on February 20, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: <u>Jerusha Adams, Louis Franklin</u>, and hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: <u> none </u>.

                <u>s/John M. Poti    </u>
                **JOHN M. POTI (POT013)**
                Attorney for Aubrey Goodwin
                696 N. Silver Hills Drive, Suite 102
                Prattville, Alabama 36066-6184
                TEL: (334) 361-3535
                FAX: 1-866-780-9012
                E-mail: john@jmpoti.com

 

EXHIBIT
1

# BULLOCK COUNTY COMMISSION
RONALD W. SMITH, CHAIRMAN
POST OFFICE BOX 472 — UNION SPRINGS, ALABAMA 36089
PHONE 334-738-3883
FAX 334-738-3839

COMMISSIONERS
DISTRICT 1 — JAMES M. PERRY
DISTRICT 2 — JOHN L. ADAMS
DISTRICT 3 — DOCK McGOWAN
DISTRICT 4 — ALONZA ELLIS

ATTORNEY
JOHN W. WATERS, JR.

ENGINEER
FRED HOLLON

January 24, 2008

United States District Judge Harold Albritton

RE: Aubrey Vincent Goodwin

Dear Honorable Judge Albritton:

This missive comes on behalf of Aubrey Vincent Goodwin; a person that I, Ronald W. Smith, Chairman of County Government, have known him and his family all of his life and mine as well. Aubrey, unlike many of our young men who have made mistakes, is totally regretful and if given an opportunity coupled with his educational background will be an asset to our community.

Therefore, I am asking any favorable consideration be afforded to him. As Chairman of the County Government, I will be personally involved in his everyday life.

Please except this letter as a positive character reference and if additional information is needed, please contact me at the above number or address.

Sincerely,

Ronald W. Smith, Chairman



Post Office Box 254
Union Springs, Alabama 36089
January 18, 2008


The Honorable Harold Albritton
United States District Judge
Montgomery, Alabama


Dear Judge Albritton:

This is a letter humbly entreating your leniency for Aubry Goodwin, one of my former students at Bullock County High School.

Although I have known Aubry all of his life, I became well acquainted with him as an exceptionally talented student in my tenth grade English class. He was highly competitive and worked hard to become one of the top students in my class. Aubry was such a pleasant young man with a most pleasing personality.

I have taught in the public schools of Alabama for 34 years. Being a single, childless woman, my students have become the joy of my life. Through three decades I have had the fortune to teach many students who now hold very prestigious positions. I have attended their graduations, their marriages, their baby showers, and sadly their funerals. However, some of my children have made imprudent decisions that have brought grief and disappointment to themselves and their families; regardless, it is most difficult to divorce my love for them.

Sometimes we do not understand what causes a person to make decisions that bring disastrous consequences. Aubry is the youngest of three siblings who seems to have lost his anchor with the deaths of his parents. Of course, this is not a rationalization, but it is a factor that should be considered.

If there is any room for leniency, I ask that it be granted this young man in hopes that he can soon rebuild his life and again become a productive citizen.

Thank you.

Sincerely,

Nadine Ivy

February 7, 2008

The Honorable Judge Harold Albritton
United States District Judge
Montgomery, AL

Dear Judge Albritton,

I'm writing on behalf of Mr. Aubry V. Goodwin. As his sister-in-law, friend and an educator in the public school system I can unequivocally speak in respect of his good character and moral integrity.

I humbly ask the court to consider leniency when sentencing Mr. Goodwin. I ask that you be as lenient as possible when sentencing him.

Aubry is a vital part of our lives. His young daughter in her development and growth also needs him. He is a dedicated father, and he's committed to providing for his daughter.

I would be forever grateful if the court would consider this request and be kind when considering the sentencing that is forthcoming in this matter.

Thank you for your time and consideration in this matter. If you have any questions or concerns please contact me at 608 Johnson Street, Union Springs, AL 36089 or South Highlands Middle School, 700 Barnard Street, Union Springs, AL 36089.

Sincerely,

Mrs. Peggy Glaze Goodwin



EXHIBIT 4

February 7, 2008

To Whom It May Concern:

I have known Aubrey Goodwin for a number of years, but recently reconnected with home over a year ago. I know Aubrey to be a honest, hardworking individual who is family oriented. He often spoke of his daughters and his struggle to be the best father that he could be. I am unfamiliar with Aubrey's personal affairs, but I do that he is a kind- hearted person that deserves another chance to become the type of father that his daughters could be proud of.

Best regards,

Charity Davis

EXHIBIT 5

J. EARL HINSON
Mayor
CATHY DICKERSON, CMC
City Clerk-Treasurer
CLARENCE WHEELER
Chief of Police
BILLY GHOLSTON
Public Works Director



Council Me[...]
JAMES I. ANDERSON
JOHN McGOWAN
COPE LAWRENCE
JOHN T. MAIN
SAINT T. THOMAS, JR.

# Union Springs
Alabama

January 15, 2008

Honorable Harold Albritton
United States District Judge

**RE: Aubrey Vincent Goodwin**

Dear Judge Albritton:

    I have known Aubrey's family for nearly all of my life. His mother was one of instructors in high school. His father, on the other hand, served as a very dear mentor to me for numerous years. Aubrey is currently a defendant before your court. I have known him to be a decent young man who has always displayed excellent etiquette. He has never shown any signs of being disruptive since I've known him. Aubrey is a life long residence of Union Springs, Alabama. I would appreciate any consideration you can render on his behalf.

Respectfully yours,

John McGowan,
Union Springs
City Council Place #3

212 Prairie Street North - Post Office Box 549 - Union Springs, Alabama  36089 - Ph. 334-738-2720 - Fax 334-738-5068

EXHIBIT 6



February 6, 2008

The Honorable Judge Harold Albritton
United States District Judge
Montgomery, AL

Dear Judge Albritton,

My name is Roosevelt Raybon, and I am the owner of C & A Alternative Care group home in Union Springs Alabama. I provide a home for the disabled Veteran.

It is with deepest compassion that I write this letter on behalf of Mr. Aubry V. Goodwin. I have known Mr. Goodwin his entire life. I have come to respect Aubry for his commitment to his family.

As you carry out your judicial responsibilities, if you show leniency to Mr. Aubry V. Goodwin it will be greatly appreciated by those of us who support him. I respectfully request that you consider a sentence of leniency that will allow him to work with me in my group home. He is capable of making an enormous contribution to society and I do not believe that he is a threat to anyone.

As the owner of C & A I am willing to give Mr. Goodwin the opportunity to work and support his family. If he is incarcerated, we, the taxpayers will end up supporting him and possibly contributing to the support of his family.

I pray the court would consider these circumstances when sentencing for Mr. Goodwin is rendered and temper Justice with Mercy.

Sincerely,

Rosevelt Raybon/ Owner and Operator of C & A Alternative Care

113 West Scale Avenue
Union Springs, Alabama 36089
(404) 229-2380
Roosevelt Raybon/Owner